UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS,
DALLAS DIVISION

| | |
|---|---|
| **INNOVATION FIRST, INC. and**<br>**INNOVATION FIRST LABS, INC.,** | |
| **Plaintiffs,** | |
| | **Civil Action No. 3:10-cv-934** |
| **v.** | |
| **URBAN TREND, LLC; ROBERT G**<br>**KUSHNER; and MICHAEL STOLL,** | **DEMAND FOR JURY TRIAL** |
| **Defendants.** | |

**ORIGINAL COMPLAINT**

Plaintiffs Innovation First, Inc., as owner, and Innovation First Labs, Inc. as exclusive licensee, (individually and/or collectively hereinafter "Innovation First"), through its undersigned counsel, Fish & Richardson P.C., hereby files this Original Complaint requesting damages and injunctive relief, and upon personal knowledge as to its own acts and circumstances, and upon information and belief as to the acts and circumstances of others, alleges as follows:

**Nature of the Action and Summary of Claims**

1.      This is an action for trade dress infringement, false designation of origin and false advertising under the Lanham Act (15 U.S.C. § 1125); copyright infringement under the United States Copyright Act (17 U.S.C. § 501 *et seq.*); injury to business reputation and dilution under § 16.29 of the Texas Business & Commerce Code; and unfair competition and unjust enrichment under the common law of the State of Texas.

2.      Defendants are offering blatant knock-offs of the HEXBUG® NANO™ micro robotic toys designed and sold by Innovation First.  The knock-offs copy the look

and feel of the Innovation First products, mirroring their design, color scheme and naming conventions.  Moreover, the Defendants appear to have lifted both form and content from Innovation First's sales materials for use in their advertising.  Innovation First brings this action to stop the Defendants from further infringing on Innovation First's intellectual property and to recover for the damage caused by Defendants actions.

### Jurisdiction and Venue

3.      Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), 28 U.S.C. § 1332(a) (diversity of citizenship between the parties), and § 1338(a) (actions arising under an Act of Congress relating to copyrights and trademarks).  This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a).

4.      This Court has personal jurisdiction over the Defendants because they do business in the State of Texas.

5.      Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) & (c) and 1400(b) because Defendants reside in this District, may be found in this District, and/or a substantial part of the events giving rise to the claims in this action occurred within this District.

### Parties

6.      Plaintiff Innovation First, Inc. is a corporation duly organized and existing under the laws of the State of Texas, with its principal place of business in Greenville, Texas.

7.     Plaintiff Innovation First Labs, Inc. is a corporation duly organized and existing under the laws of the State of Texas, with its principal place of business in Greenville, Texas.

8.     Upon information and belief, Defendant Urban Trend, LLC ("Urban Trend") is a limited liability company organized and existing under the laws of the State of California, with its principal place of business located at 17915 Skypark Circle, Suite H, Irvine, CA 92614.  Urban Trend may be served with process through its registered agent, John C. Kirkland, Greenberg Traurig LLP, 2450 Colorado Ave Ste. 400E, Santa Monica, CA 90404.  Alternatively, because Urban Trend engages in business in this state but does not maintain a regular place of business in this state or a designated agent for service of process, and because this suit arose out of Urban Trend's business in this state, Urban Trend may be served with process by serving the Texas Secretary of State, Esperanza "Hope" Andrade, as its agent for service, at Secretary of State, Citations Unit, P.O. Box 12079, Austin, TX  78711-2079, Travis County, Texas.  See FED. R. CIV. P. 4(h); TEX. CIV. PRAC. & REM. CODE ANN. § 17.044(b); TEX. REV. CIV. STAT. art. 1396-8.09(B).

9.     Upon information and belief, Defendant Robert G. Kushner ("Kushner") is an individual citizen of the State of California, currently residing in Hong Kong, who may be served at his principal place of business, 31st Floor, Sunshine Plaza, 353 Lockhart Road, Wan Chai, Hong Kong.  Because Kushner engages in business in this state but does not maintain a regular place of business in this state or a designated agent for service of process, and because this suit arose out of his business in this state, he may be served through the Texas Secretary of State, Esperanza "Hope" Andrade, as his agent

for service, at Secretary of State, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079, Travis County, Texas.  *See* FED. R. CIV. P. 4(f); TEX. CIV. PRAC. & REM. CODE ANN. § 17.044(b); TEX. REV. CIV. STAT. art. 1396-8.09(B).

10.     Upon information and belief, Defendant Michael Stoll ("Stoll") is an individual citizen of the State of California who may be served at his primary place of business, 1101 Dove Street, Suite 175, Newport Beach, CA 92660.   Because Stoll engages in business in this state but does not maintain a regular place of business in this state or a designated agent for service of process, and because this suit arose out of his business in this state, he may be served through the Texas Secretary of State, Esperanza "Hope" Andrade, as his agent for service, at Secretary of State, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079, Travis County, Texas.   See FED. R. CIV. P. 4(f); TEX. CIV. PRAC. & REM. CODE ANN. § 17.044(b); TEX. REV. CIV. STAT. art. 1396-8.09(B).

## KUSHNER AND STOLL'S PERSONAL LIABILITY

11.     Upon information and belief, Defendants Kushner and Stoll are individuals who are and have been doing business in their corporate and individual capacity and as the owners and/or operators of or in concert with Defendant Urban Trend and are individually liable for the infringing activities described herein.  At all relevant times, Defendants Kushner and Stoll personally participated in and/or had the ability and right to supervise, direct, and control the infringing activities alleged in this Complaint. Upon information and belief, Defendants Kushner and Stoll derived direct financial benefits from the infringing activities alleged in this Complaint.  These and other acts of Defendants Kushner and Stoll demonstrate contributory and vicarious infringement.

## The Innovation First Brand and Products

12.     Innovation First, which began by producing electronics for autonomous mobile ground robots, is a leader in educational and competitive robotics products and a developer of consumer robotics toys, including the HEXBUG® line of micro robotic toys.  Among other channels, Innovation First sells its goods through retail stores and via the Internet throughout the United States.

13.     Innovation First has used a variety of legally-protected trademarks, trade dresses, and design elements/copyrights (the "Innovation First Marks") on and in connection with the advertisement and sale of its products.  Attached as Exhibits "1" & "2" to this Complaint are examples of advertising from Innovation First websites displaying Innovation First Marks relating to Innovation First products.

14.     Innovation First has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Innovation First Marks.  As a result, products bearing the Innovation First Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Innovation First, and have acquired strong secondary meaning. Innovation First continues to invest substantial sums in promoting its products offered under the Innovation First Marks.

15.     For example, the HEXBUG® NANO™ micro robotic toys created by Innovation First were recently featured in an NBC "Today Show" segment discussing popular children's toys.  These toys incorporate distinctive design elements and trade dress that identify them as HEXBUG® toys created by Innovation First.

16.     Innovation First is the owner of a variety of unique and distinctive trade dress relating to the HEXBUG® NANO™ micro robotic toys consisting of a

combination of one or more features, including sizes, shapes, colors, designs, and other non-functional elements comprising the overall look and feel incorporated into the products (the "HEXBUG® Trade Dress").

17.     Through its use of the product, product packaging and marketing materials, Innovation First has established protectable rights in its distinctive HEXBUG® Trade Dress, which consumers have come to associate with Innovation First and its products, including the HEXBUG® NANO™ micro robotic toys.

18.     The HEXBUG® Trade Dress associated with Innovation First products is independent of the functional aspects of the products.

19.     Innovation First has employed the HEXBUG® Trade Dress associated with its products exclusively and without interruption, and the HEXBUG® Trade Dress has never been abandoned.

20.     Many of the decorative and artistic combinations of the design elements present on HEXBUG® products are also independently protected works under the United States Copyright Laws.  These design elements are wholly original works and fixed in various tangible products and media, thereby qualifying as copyrightable subject matter under the United States Copyright Act, 17 U.S.C. Sections 101 *et seq.* (hereinafter referred to as the "HEXBUG® Design Elements").

21.     At all times relevant hereto, Innovation First has been the sole owner and proprietor of all rights, title, and interest in and to the copyrights in the HEXBUG® Design Elements used on HEXBUG® products, and such copyrights are valid, subsisting and in full force and effect.

## Defendants' Acts of Infringement and Unfair Competition

22.     Upon information and belief, Defendants are engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing source-identifying indicia, trade dress and design elements that are studied imitations of the HEXBUG® Trade Dress and the HEXBUG® Design Elements (hereinafter referred to as the "Infringing Products").

23.     For example, Defendants have sold and/or offered the Infringing Products for sale in the United States by use of advertisements like the one attached hereto as Exhibit "3."   These advertisements, and the Infringing Products that they offer, are obvious knock-offs of the HEXBUG® advertising and products offered by Innovation First that appear to mirror the sizes, shapes, colors, designs, and other non-functional elements comprising the overall look and feel of the HEXBUG® NANO™ products.

24.     On information and belief, all Defendants are aware of the fame and strength of the HEXBUG® brand, the HEXBUG® Trade Dresses, and the HEXBUG® Design Elements, and the incalculable goodwill associated therewith.

25.     Defendants have no license, authority, or other permission from Innovation First to use any Innovation First Marks, the HEXBUG® Trade Dresses, or the HEXBUG® Design Elements in connection with the designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale of the Infringing Products.

26.     Defendants have been engaging in the above-described infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Innovation First's rights, or with bad faith, for the purpose of trading on the goodwill and reputation of the Innovation First Marks and products.

27.     Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Infringing Products and Innovation First.

28.     Upon information and belief, Defendants intend to continue to design, manufacture, advertise, promote, import, distribute, sell, and/or offer for sale the Infringing Products, unless otherwise restrained.

29.     Innovation First is suffering irreparable injury, has or will suffer substantial damages as a result of Defendants' activities, and has no adequate remedy at law.

<u>COUNT I</u>
**(Trade Dress Infringement, 15 U.S.C. § 1125(a))**

30.     Innovation First repeats and realleges the allegations set forth in the preceding paragraphs.

31.     The HEXBUG® Trade Dress is used in commerce, non-functional, inherently distinctive, and has acquired secondary meaning in the marketplace.

32.     Upon information and belief, Defendants, without authorization from Innovation First, have designed, manufactured, advertised, promoted, distributed, sold, and/or offered for sale, and/or are causing to be designed, manufactured, advertised, promoted, distributed, sold, and/or offered for sale, products which contain a collection of design elements that is confusingly similar to the HEXBUG® Trade Dress.

33.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade who recognize and associate the HEXBUG® Trade Dress with the HEXBUG® NANO™ micro robotic toys produced by Innovation First.  Moreover,

Defendants' conduct is likely to cause confusion, to cause mistake, or to deceive consumers, the public, and the trade as to the source of the Infringing Products, or as to a possible affiliation, connection or association between Innovation First and the Defendants and/or the Infringing Products and the true HEXBUG® products.

34.     Upon information and belief, Defendants have acted with knowledge of Innovation First's ownership of the HEXBUG® Trade Dress and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

35.     Defendants' acts constitute trade dress infringement in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

36.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

37.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

38.     Upon information and belief, Defendant's acts demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with Innovation First's ownership of the HEXBUG® Trade Dress to the great and irreparable injury of Innovation First.

39.     Defendants' acts have damaged and will continue to damage Innovation First, and Innovation First has no adequate remedy at law.

## COUNT II
### (False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a))

40.     Innovation First repeats and realleges the allegations set forth in the preceding paragraphs.

41.     Defendants' promotion, advertising, distribution, sale, and/or offering for sale of the Infringing Products, together with Defendants' use of other indicia associated with Innovation First is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Infringing Products, and is intended, and is likely to cause such parties to believe in error that the Infringing Products have been authorized, sponsored, approved, endorsed or licensed by Innovation First, or that Defendants are in some way affiliated with Innovation First.

42.     The foregoing acts of Defendants constitute a false designation of origin, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

43.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

44.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

45.     Defendants' acts have damaged and will continue to damage Innovation First, and Innovation First has no adequate remedy at law.

## COUNT III
### (Copyright Infringement, 17 U.S.C. § 501)

46.     Innovation First repeats and realleges the allegations set forth in the preceding paragraphs.

47.     Many of the HEXBUG® Design Elements contain decorative and artistic combinations that are protected under the United States Copyright Act (17 U.S.C. § 101 *et seq.*).

48.     Upon information and belief, Defendants had access to and copied the HEXBUG® Design Elements present on Innovation First products.

49.     Defendants intentionally infringed Innovation First's copyrights in the HEXBUG® Design Elements present on Innovation First products by creating and distributing the Infringing Products, which incorporate elements substantially similar to the copyrightable matter present in the HEXBUG® Design Elements, without Innovation First's consent or authorization.

50.     Defendants have infringed Innovation First's copyrights in violation of 17 U.S.C. § 501 *et seq.*

51.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

52.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

53.     Defendants' acts have damaged and will continue to damage Innovation First, and Innovation First has no adequate remedy at law.

<u>COUNT IV</u>
**(Injury to Business Reputation, § 16.29 T.B.C.C.)**

54.     Innovation First repeats and realleges the allegations set forth in the preceding paragraphs.

55.     The Innovation First Marks are strong and distinctive marks that have achieved widespread public recognition.

56.     Through prominent and continuous use in commerce, including commerce within the State of Texas, the Innovation First Marks have become and continue to be famous and distinctive.

57.     Defendants' use of the Infringing Products, without authorization from Innovation First, is diluting the distinctive quality of the Innovation First Marks and decreasing the capacity of such marks to identify and distinguish Innovation First's products and has caused a likelihood of harm to Innovation First's business reputation.

58.     Based on the foregoing acts, Defendants have diluted the distinctive quality of the Innovation First Marks in violation of Section 16.29 of the Texas Business & Commerce Code.

59.     The foregoing acts of Defendants also constitute injury to Innovation First's business reputation in violation of Section 16.29 of the Texas Business & Commerce Code.

60.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

61.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

62.     Defendants' acts have damaged and will continue to damage Innovation First, and Innovation First has no adequate remedy at law.

**COUNT V**
**(Common Law Unfair Competition)**

63.     Innovation First repeats and realleges the allegations set forth in the preceding paragraphs.

64.     The foregoing acts of Defendants permit Defendants to use and benefit from the goodwill and reputation earned by Innovation First and to obtain a ready customer acceptance of Defendants' products, and constitutes unfair competition, palming off, and misappropriation in violation of Texas common law, for which

Innovation First is entitled to recover any and all remedies provided by such common law.

65.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

66.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

67.     Defendants' acts have damaged and will continue to damage Innovation First, and Innovation First has no adequate remedy at law.

## COUNT VI
### (Common Law Unjust Enrichment)

68.     Innovation First repeats and realleges the allegations set forth in the preceding paragraphs.

69.     By reason of the foregoing, Defendants have unjustly enriched themselves, and continue to do so, in an unknown amount.

70.     Innovation First is entitled to just compensation under the common law of the State of Texas.

## COUNT VII
### (Attorney Fees)

71.     Innovation First repeats and realleges the allegations set forth in the preceding paragraphs.

72.     Innovation First is entitled to an award of attorney fees and costs under state and federal law, including 17 U.S.C. § 505 and 15 U.S.C. § 1117(a).

## CONDITIONS PRECEDENT

73.     All conditions precedent have been performed or have occurred.  (Fed. R. Civ. P. 9(c)).

## PRAYER

**WHEREFORE,** Innovation First respectfully requests that this Court enter judgment against Defendants as follows:

A.       Finding that: (i) Defendants have violated Section 43 of the Lanham Act (15 U.S.C. § 1125); (ii) Defendants have violated Section 501 of the Copyright Act of 1976 (17 U.S.C. § 501); (iii) Defendants have injured Innovation First's business reputation and/or diluted the Innovation First Marks in violation of § 16.29 of the Tex. Bus. & Comm. Code.; (iv) Defendants have engaged in unfair competition under the common law of Texas; and (v) Defendants have been unjustly enriched in violation of Texas common law.

B.       Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, 17 U.S.C. § 502, and § 16.29 T.B.C.C, preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

1. manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Innovation First Marks, the HEXBUG® Trade Dress, and/or the HEXBUG® Design Elements, or any other mark or design element substantially similar or confusing thereto, including, without limitation, the Infringing Products, and engaging in any other activity constituting an infringement of any of Innovation First's rights in the Innovation First Marks, the HEXBUG® Trade Dress, and/or the HEXBUG® Design Elements;

2. engaging in any other activity constituting unfair competition with Innovation First, or acts and practices that deceive consumers, the public, and/or trade,

including without limitation, the use of designations and design elements associated with Innovation First; and

3.  engaging in any other activity that will cause the distinctiveness of the Innovation First Marks or HEXBUG® Trade Dress to be diluted.

C.     Requiring Defendants to recall from any distributors and retailers and to deliver to Innovation First for destruction or other disposition all remaining inventory of all Infringing Products, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

D.     Requiring Defendants to file with this Court and serve on Innovation First within thirty days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

E.     Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Innovation First, or is related in any way with Innovation First and/or its products;

F.     Ordering Defendants to account to and pay to Innovation First all profits realized by their wrongful acts and also awarding Innovation First its actual damages, and also directing that such profits or actual damages be trebled, in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

G.     Awarding Innovation First statutory damages or, in the alternative, its actual damages suffered as a result of the copyright infringement, and any profits of

Defendants not taken into account in computing the actual damages, pursuant to 17 U.S.C. § 504;

H.      Awarding Innovation First actual and punitive damages to which it is entitled under applicable federal and state laws;

I.      Awarding Innovation First its costs, attorneys fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117) and Section 505 of the Copyright Act of 1976 (17 U.S.C. § 505);

J.      Awarding Innovation First pre-judgment interest and post-judgment interest on any monetary award made part of the judgment against Defendant; and

K.      Awarding Innovation First such additional and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

Dated:  May 10, 2010                    Respectfully submitted,

                                        FISH & RICHARDSON P.C.


                                        By:  */s/ Kelly D. Hine*
                                             _____
                                             Kelly D. Hine
                                             Attorney-in-Charge
                                             Texas Bar No. 24002290
                                             hine@fr.com
                                             J. Kristopher Long
                                             Texas Bar No. 24060181
                                             jkl@fr.com


                                             1717 Main Street
                                             Suite 5000
                                             Dallas, Texas  75201
                                             (214) 747-5070
                                             (214) 747-2091 - facsimile

                                        **COUNSEL FOR PLAINTIFF**

90429878.doc