# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| INNOVATION FIRST, INC. and § <br> INNOVATION FIRST LABS, INC., § <br>  § <br> Plaintiffs, § <br>  § <br> v. § <br>  § <br> URBAN TREND, LLC; ROBERT G. § <br> KUSHNER; and MICHAEL STOLL, § <br>  § <br> Defendants. § | Civil Action No. 3:10-CV-00934 |

## DEFENDANTS' MOTION TO DISMISS, OR ALTERNATIVELY, MOTION TO VACATE JUDGMENT AND SUPPORTING BRIEF

Mark W. Romney
State Bar No. 17225750
Paul F. Gianni
State Bar No. 00784124
SHANNON, GRACEY, RATLIFF & MILLER, L.L.P.
Bank of America Plaza
901 Main Street, Suite 4600
Dallas, Texas 75202
(214) 245-3090
(214) 245-3097 (Facsimile)
**ATTORNEY FOR DEFENDANTS URBAN TREND, LLC, ROBERT G. KUSHNER AND MICHAEL STOLL**

# TABLE OF CONTENTS

I.   Summary ........................................................................................................1

II.  Background ...................................................................................................2

III. The Court Lacks Personal Jurisdiction Over Defendants ..................................3

    A.   The Court Lacks Personal Jurisdiction Over
        Defendant Urban Trend ...........................................................................4

        1.   The Court Lacks General Jurisdiction Over Urban Trend ............4

            a.   Urban Trend does not have continuous and
                systematic contacts in Texas .............................................4

            b.   Urban Trend's passive website also does not
                confer general jurisdiction ................................................6

        2.   The Court Lacks Specific Jurisdiction Over Urban Trend ...........6

    B.   The Court Lacks Personal Jurisdiction Over Defendants
        Kushner and Stoll .....................................................................................8

    C.   Asserting Personal Jurisdiction Over Defendants Will
        Offend Traditional Notions of Fair Play and Substantial Justice ...........10

IV.  Conclusion & Prayer ...................................................................................12

<pre>
</pre>
<pre>
</pre>
<pre>
</pre>
<pre>
</pre>
<pre>
</pre>
<pre>
</pre>
<pre>
</pre>
<pre>
</pre>

# **TABLE OF AUTHORITIES**

**Cases**

Asahi Metal Indus. V. Superior Court of Cal., 480 U.S. 102 (1987)..........................10, 11

Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985).......................................................7

Helicopteros Nacionales de Columbia, S.A. v. Hall,
    466 U.S. 408 (1984)......................................................................................3, 4, 6

International Shoe Co. v. Washington, 326 U.S. 310 (1945) ........................................3, 8

Johnston v. Multidata Systems Intern. Corp.,
    523 F.3d 602 (5th Cir. 2008) ...................................................................3, 4, 5, 11

Moncrief Oil Int'l, Inc. v. OAO Gazprom, 481 F.3d 309 (5th Cir. 2007).....................4, 7

Panda Brandywine Corp. v. Panda Global Holdings,
    253 F.3d 865 (5th Cir. 2001) ...............................................................................4

Revell v. Lidov, 317 F.3d 467 (5th Cir. 2002) .......................................................3, 4, 6, 8

World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980) ..............................10

**Statutes**

Fed.R.Civ.P. 12(b)(2).........................................................................................................3

Fed.R.Civ.P. 60(b)(4).........................................................................................................3

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| INNOVATION FIRST, INC. and<br>INNOVATION FIRST LABS, INC., | §<br>§<br>§ | |
| Plaintiffs, | §<br>§ | |
| v. | §<br>§ | Civil Action No. 3:10-CV-00934 |
| URBAN TREND, LLC; ROBERT G.<br>KUSHNER; and MICHAEL STOLL, | §<br>§<br>§<br>§ | |
| Defendants. | | |

**DEFENDANTS' MOTION TO DISMISS, OR ALTERNATIVELY,**
**MOTION TO VACATE JUDGMENT AND SUPPORTING BRIEF**

Pursuant to FED. R. CIV. P. 12(b)(2), Defendants Urban Trend, LLC ("Urban Trend"), Robert G. Kushner and Michael Stoll (collectively "Defendants") move the Court to dismiss the instant lawsuit filed by Plaintiffs Innovation First, Inc. and Innovation First Labs, Inc. (collectively "Plaintiffs"). Alternatively, to the extent any judgment in this lawsuit has been entered, Defendants move the Court to vacate such judgment pursuant to FED. R. CIV. P. 60(b)(4). Defendants further respectfully request that this case, including the hearing on damages currently scheduled for January 18, 2011, be stayed until this Motion can be decided. In support, Defendants would show the Court as follows:

**I.      SUMMARY**

- Urban Trend has no relevant contacts with Texas.

- Urban Trend has not had continuous and systematic contracts with Texas.

- Urban Trend has not purposefully directed any activities towards Texas residents.

- Neither Kushner nor Stoll have any contacts with Texas.

- Any assertion of personal jurisdiction over Defendants would offend traditional notions of fair play and substantial justice.

## II.     BACKGROUND

Urban Trend is a California incorporated limited liability corporation with offices only in California. App. 4, 7.[1] Urban Trend offers a wide variety of consumer products through its relationships with Asian manufacturing facilities. App. 7. Urban Trend does not have, nor is required to have, a registered agent in Texas, has no property or bank accounts in Texas, has no offices in Texas, and does not generally engage in business in Texas. App. 4, 7.

Robert G. Kushner ("Kushner") is a United States citizen permanently residing in Hong Kong. App. 3, 4. Michael Stoll ("Stoll") is an individual residing in California. App. 6. Kushner has never been in the State of Texas. App. 3. Stoll has also never been in Texas other than passing through Texas airports on the way to other destinations and on one prior occasion for an unrelated matter. App. 6. They have no contacts with Texas.

Plaintiffs filed this lawsuit bringing trade dress infringement, copyright infringement, injury to business reputation, unfair competition, unjust enrichment, and Lanham Act claims all relying on allegations that Defendants advertised and offered for sale "knock-off" versions of "micro robotic toys designed and sold by [Plaintiffs]." As their only attempt at connecting Defendants with Texas, Plaintiffs conclusively stated that "[t]his Court has personal jurisdiction over the Defendants because they do business in the State of Texas." Plaintiffs did not allege any other facts supporting a finding that this Court has personal jurisdiction over Defendants.

Because Defendants do not have the minimum contacts with Texas necessary to support personal jurisdiction, and because the exercise of personal jurisdiction over Defendants would offend traditional notions of fair play and substantial justice, this case should be dismissed and/or any judgment or order already entered should be vacated.

---

[1] Pursuant to Local Rule 7.1(i), Defendants have included the documentary evidence supporting its Motion in a separate Appendix. The pages of the Appendix are cited as "APP__."

### III. THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS

Pursuant to FED. R. CIV. P. 12(b)(2) and 60(b)(4), the Court should dismiss the lawsuit and/or vacate any judgment or order already entered because the Court lacks personal jurisdiction over Defendants. Generally, a court may exercise personal jurisdiction over a defendant as long as jurisdiction is pursuant to the long-arm statute of the forum state and exercising personal jurisdiction is consistent with the U.S. Constitution. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 412-13 (1984); *Johnston v. Multidata Systems Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Because Texas' Long-Arm Statute reaches as far as the 14th Amendment, the only question is whether exercising personal jurisdiction over Defendants here would offend due process. *Id.* The 14th Amendment permits the exercise of personal jurisdiction if: (1) a non-resident purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) the "exercise of personal jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" *Helicopteros*, 466 U.S. at 412-13 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002) (citations omitted).

A court may exercise personal jurisdiction over a foreign defendant based on general or specific jurisdiction. General jurisdiction is established when a "defendant's contacts with the forum state are unrelated to the cause of the action but are 'continuous and systematic.' Specific jurisdiction arises when the defendant's contacts with the forum 'arise from, or are directly related to, the cause of action.'" *Revell*, 317 F.3d at 470.

As a preliminary matter, Plaintiffs up to this point have wholly failed to show any basis for personal jurisdiction over Defendants. Plaintiffs' lone reference in their Complaint related to

jurisdiction is a mere conclusory statement that "[t]his Court has personal jurisdiction over the Defendants because they do business in the State of Texas." Such a statement is clearly insufficient to establish jurisdiction. *See Panda Brandywine Corp. v. Panda Global Holdings,* 253 F.3d 865, 869 (5th Cir. 2001) (mere conclusory allegations, even if true, "are nonetheless insufficient to establish a prima facie case for jurisdiction" over a non-resident defendant).

### A. THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT URBAN TREND.

#### 1. The Court Lacks General Jurisdiction Over Urban Trend.

General jurisdiction may be established when there is evidence of a foreign company's "continuous and systematic" presence in the forum state. For example, if a company maintains an office, has bank accounts or engages in business in the forum state, general jurisdiction may be established. *See Helicopteros,* 466 U.S. at 414-15. The question of general jurisdiction is not whether the foreign defendant is "doing business *with* Texas," but rather is whether the foreign defendant is "doing business *in* Texas." *Revell,* 317 F.3d at 471 (emphasis in original).

"The 'continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum.'" *Johnston*, 523 F.3d at 609. "[E]ven repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction ...." *Id*. at 609-10 (quoting *Revell*, 317 F.3d at 471). "Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction." *Id*. at 610 (quoting *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007)).

##### a. Urban Trend does not have continuous and systematic contacts in Texas.

Urban Trend is headquartered and incorporated in California with its only offices in

California.  App. 4, 7.  Urban Trend is not incorporated in Texas and has no place of business in Texas.  App. 4, 7.  Urban Trend does not have any officers or employees in Texas, and does not maintain any offices or facilities in Texas.  Urban Trend does not maintain any mailing address or phone numbers in Texas.  App. 4, 7.  Urban Trend does not own any bank accounts, real estate, properties, or assets in Texas.  App. 4, 7.

Urban Trend is not required to and does not maintain a registered agent for service in Texas.  Urban Trend has never brought, or had brought against it, a lawsuit in Texas.  App. 4, 7.  Urban Trend has not had meetings in Texas and does not have any records in Texas.  App. 4, 7.

Urban Trend's <u>only contact</u> with Texas is a few limited sales of barware to Hastings Entertainment, Inc. ("Hastings"), a Texas company.  App. 4, 7.  The barware sold to Hastings is completely unrelated to the toys at issue in this lawsuit.  App. 4, 7.  It is estimated that these limited sales to Hastings account for only 3% of Urban Trend's sales in 2010, with no sales to Hastings prior to 2010.  App. 7.  Urban Trend employees or agents never traveled to Texas as part of these sales, and Urban Trend has not sold any other products within Texas.  App. 7.  It is clear this attenuated contact, as Urban Trend's only contact with Texas, is insufficient to satisfy the "difficult" burden of proving general jurisdiction.  *See Johnston*, 523 F.3d at 611 (finding that $140,000 worth of sales, **which represented 3% of sales**, to ten different customers in Texas over a period of 5 years, *along with* periodic trips to Texas by company employees and advertising in a national sales journal that reached Texas customers were "too limited and sporadic to give rise to general jurisdiction").

In sum, the *only* contact Urban Trend has with Texas is the limited sales to Hastings of products that are unrelated to any of the claims or injuries at issue in this suit.  The *Johnston* decision is directly on point in finding that such a contact (along with other contacts in the

*Johnston* decision) is insufficient to confer general jurisdiction. *See id*.

### b. Urban Trend's passive website also does not confer general jurisdiction.

The Fifth Circuit employs the *Zippo* sliding scale test in determining whether a website may establish general jurisdiction over a non-resident defendant. *See Revell*, 317 F.3d at 470.

> A "passive" website, one that merely allows the owner to post information on the internet, is at one end of the scale. It will not be sufficient to establish personal jurisdiction. At the other end are sites whose owners engage in repeated online contacts with forum residents over the internet, and in these cases personal jurisdiction may be proper.

*Id* (emphasis added).

Here, Urban Trend's website is unquestionably a passive website in that it is generally informational in nature and does not allow for any interactivity with visitors of the website. For instance, visitors of the website cannot purchase Urban Trend's products directly through the website. App. 7. Urban Trend does not solicit, transact, receive and/or enter into any type of contract to perform and/or be performed with Texas residents through this website. *See Revell,* 317 F.3d at 471; App. 7. Urban Trend does maintain a separate website with a limited amount of products available. App. 7. However, only a miniscule amount of sales have been made through that website as the website is primarily used as a reference point of prices for news media outlets. App.7. Moreover, Urban Trend does not advertise or offer for sale any micro robotic toys of the type at issue in this suit on any of its websites. App. 8. As a result, the Court lacks general jurisdiction over Urban Trend.

### 2. The Court Lacks Specific Jurisdiction Over Urban Trend.

A court may exercise specific jurisdiction over a non-resident defendant when the suit arises out of, or is related to, the defendant's contact with the forum state. *Helicopteros,* 466 U.S. at 414 n. 8; *Revell,* 317 F.3d at 470. The non-resident defendant "must have **purposefully**

directed [its] activities at residents of the forum, and the litigation results from alleged injuries arising out of or related to those activities." *Moncrief Oil,* 481 F.3d at 312 n. 2 (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985)) (emphasis added).

Urban Trend did not purposefully direct any activities at Texas residents, and none of Plaintiffs' claims result from any activities of Urban Trend in Texas. Plaintiffs in this suit have brought trade dress infringement, copyright infringement, injury to business reputation, unfair competition, unjust enrichment, and Lanham Act claims all relying on allegations that Defendants advertised and offered for sale "knock-off" versions of "micro robotic toys designed and sold by [Plaintiffs]." As discussed above, Urban Trend's only actions directed at the State of Texas were the sales of barware to Hastings. It is indisputable that this barware is completely unrelated to any type of micro robotic toy. App. 4, 7. Indeed, Plaintiffs do not allege any injuries related to Defendants' sale of barware. Thus, Plaintiffs' injuries and claims are in no way related to Urban Trend's sole contact with Texas—the sale of barware to Hastings. Most importantly, Urban Trend has not designed, manufactured, advertised, promoted, distributed, sold, or in any way acted in Texas or in any of the United States of America as to any micro robotic toys at issue in this suit. App. 4, 8.

Plaintiffs do not even allege that any of the actions on which their claims rely occurred in Texas. Instead, Plaintiffs generally allege that their own products were sold or used within the State of Texas, but they do not allege that Urban Trend sold or advertised any products in the State of Texas. The reality is that one cannot determine based on Plaintiffs' pleadings where the infringing actions occurred because Plaintiffs' conclusory allegations make no reference to the location of the activities at issue. Regardless, the evidence presented herein conclusively shows that any such activities undoubtedly did not occur in Texas. And of course, Plaintiffs cannot rely

on allegations that they themselves offered or sold products in Texas as support for specific jurisdiction because Urban Trend did not "purposefully direct" its activities at Texas residents with respect to Plaintiffs' products.

Because Urban Trend has not designed, manufactured, advertised, promoted, distributed, sold, or in any way acted in Texas or in any of the United States of America with respect to any of the micro robotic toys at issue in this suit, App. 4, 8., there can be no specific jurisdiction. The only products Urban Trend offers that have any relationship to Texas is the barware sold to Hastings, and as discussed above, that barware is wholly unrelated to the allegations in this suit. App. 4, 7. Urban Trend has no other contacts with Texas. App. 4, 7. Thus, no evidence exists to support the required showing that Urban Trend has purposefully directed its activities at Texas residents and Plaintiffs' claims arise out of or are related to such activities.

**B.   THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS KUSHNER AND STOLL.**

The same standards as discussed above with respect to Urban Trend also apply to Defendants Kushner and Stoll. This Court lacks general and specific jurisdiction over Kushner and Stoll. Kushner is a permanent resident of Hong Kong. App. 3, 4. Stoll is a California resident. App. 6. Neither Kushner nor Stoll are Texas residents. App. 3, 6. Kushner has never been to Texas. App. 3. Other than passing though Texas airports, Stoll has never been to Texas except on one occasion for an unrelated matter. App. 6. Kushner and Stoll do not maintain, nor are they required to maintain, a registered agent in Texas. App. 3, 6. Neither Kushner nor Stoll have a Texas mailing address or telephone number. App. 3, 6. They do not own any bank accounts, real estate, properties, or assets in Texas. App. 3, 6. Neither Kushner nor Stoll have any personal affiliation with Texas. App. 3, 6.

Neither Kushner nor Stoll have brought, or had brought against them, a lawsuit in Texas.

Kushner and Stoll have not personally engaged in business in Texas, and have not personally contracted with any person in Texas. Kushner and Stoll have not by mail, telephone or other means of communication, regularly transacted business or contracted to supply goods or services in Texas or to any Texas resident. They have not advertised in Texas and maintain no offices, agents, or presence in Texas. App. 3, 6.

Furthermore, neither Kushner nor Stoll were personally involved with any of the conduct alleged in this case, including any conduct allegedly occurring in Texas, as their only involvement with Urban Trend and the products it offers or sells are as agents of Urban Trend. App. 3, 6. As a result, this Court cannot assert personal jurisdiction over either Kushner or Stoll individually merely because of their relationship with Urban Trend.

Neither Kushner nor Stoll have purposefully availed themselves of the privilege of conducting activities within Texas, nor have they sought the benefits, profits, or advantages of doing business in Texas. App. 3, 6-7. Neither Kushner nor Stoll have any substantial connection with Texas arising from any action on their part that is or was purposefully directed towards Texas. App. 4, 7. Neither Kushner nor Stoll have had systematic or continuous contacts with the State of Texas as part of the actions or injuries alleged in this suit, or outside of the actions or injuries alleged in this suit. App. 4, 7.

Nor can the Court acquire personal jurisdiction over Kushner or Stoll as a result of their actions on behalf of Urban Trend. First, as discussed above, Urban Trend does not have sufficient contacts with Texas for this Court to have personal jurisdiction over it. Nevertheless, even if the Court were to somehow find personal jurisdiction over Urban Trend, Plaintiffs have not alleged that either Kushner or Stoll were significantly enough involved with any alleged actions by Urban Trend in Texas for those individuals to have purposefully acted in Texas.

Indeed, neither Kushner nor Stoll purposefully directed any relevant activities of Urban Trend to Texas residents. App. 4, 7.

In sum, Kushner and Stoll have no contacts with the State of Texas. Thus, this Court lacks general and specific jurisdiction over either Kushner or Stoll.

C.  **ASSERTING PERSONAL JURISDICTION OVER DEFENDANTS WILL OFFEND TRADITIONAL NOTIONS OF FAIR PLAY AND SUBSTANTIAL JUSTICE.**

Assuming *arguendo* that any of the Defendants have minimum contacts with Texas, exercising personal jurisdiction over the Defendants would not comport with "fair play and substantial justice." The Supreme Court has mandated that courts must examine the following factors when determining the reasonableness of exercising personal jurisdiction over a defendant: "[1] the burden on the defendant, [2] the interests of the forum State... [3] the plaintiff's interest in obtaining convenient and effective relief [4] 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and [5] the shared interest of the several States in furthering fundamental substantive social policies.'" *Asahi Metal Indus. v. Superior Court of Cal.*, 480 U.S. 102, 113 (1987) (quoting, in part, *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)). Applying these factors, the Court's exercise of personal jurisdiction over Defendants would offend traditional notions of fair play and substantial justice.

In reversing the lower court's ruling asserting personal jurisdiction over the defendant, the Supreme Court in *Asahi* held that no minimum contacts existed "such that the exercise of personal jurisdiction is consistent with fair play and substantial justice." 480 U.S. at 116. First, the burden on Defendants would be severe if forced to defend this action in Texas. App. 4, 8. Urban Trend is a California company with all of its agents located in either California or Hong Kong. App. 4, 6-8. Kushner is located in Hong Kong and Stoll is

located in California. App. 3, 6. Thus, the relevant witnesses would be forced to travel a great distance to Texas, and any evidence would be located in California or Hong Kong. *See Johnston*, 523 F.3d at 617; App. 4, 7-8.

Second, the interests of Plaintiffs and Texas in asserting jurisdiction over Defendants are slight. Urban Trend does not sell any relevant products in Texas—it only sells a limited amount of unrelated barware items to one Texas customer. App. 4, 7. Urban Trend does not transact with any Texas customers, other than Hastings for the sole purpose of selling small amounts of barware, and Urban Trend does not advertise in Texas. App. 4, 7. Therefore, Texas residents have no interest with respect to the alleged actions of Urban Trend and even Plaintiffs have no interest in asserting jurisdiction in Texas considering Urban Trend does not sale any relevant products in Texas or even in the United States. *See Asahi*, 480 U.S. at 114.

The fourth factor considers the judicial system's interests. The Supreme Court noted that while it was clear that the forum state had an interest in protecting its residents from defective products, it was not at all clear whether the forum state's law should apply (since all of the underlying acts occurred in Asia, e.g., Asahi's components were made in Japan and sold in Taiwan). *Id*. at 115. This Court should similarly consider the lack of Texas' courts interest in this lawsuit. While Texas may have an interest in protecting its citizens against unlawful conduct alleged to have been committed against its residents, Texas law should not apply here where the only relevant connection with Texas is the fact that Plaintiffs claim to be Texas businesses. All of the alleged underlying acts would have occurred outside of Texas (mainly in Hong Kong), with no intention of such acts being directed towards Texas residents.

Finally, because of the international context of this case in that Kushner is a resident of Hong Kong and many relevant actions of Urban Trend would have all occurred in Hong Kong, this case calls for careful consideration between the U.S. government's foreign policies and Hong Kong. In such a situation, this factor weighs against personal jurisdiction because of the "Federal Government's interest in its foreign relations policies," coupled with the "serious burdens on an alien defendant." *Id.* at 115.

For these reasons, the exercise of personal jurisdiction over Defendants by this Court would offend traditional notions of fair play and substantial justice.

## IV. CONCLUSION & PRAYER

For the reasons stated herein, this Court lacks personal jurisdiction over Defendants. As a result, this suit should be dismissed pursuant to FED. R. CIV. P. 12(b)(2), or alternatively, to the extent any judgment or order has been entered, such judgment or order should be vacated pursuant to FED. R. CIV. P. 60(b)(4). In addition, Defendants request that this Court stay this action, including the hearing on damages currently scheduled for January 18, 2011, until the Court has ruled on the merits of this Motion.

Respectfully submitted,

/s/ Mark W. Romney
Mark W. Romney
State Bar No. 17225750
Paul F. Gianni
State Bar No. 00784124
SHANNON, GRACEY, RATLIFF & MILLER, L.L.P.
Bank of America Plaza
901 Main Street, Suite 4600
Dallas, Texas 75202
(214) 245-3090
(214) 245-3097 (Facsimile)
**ATTORNEY FOR DEFENDANTS URBAN TREND, LLC, ROBERT G. KUSHNER AND MICHAEL STOLL**

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing to be served through the Court's CM/ECF system to all counsel of record in this matter.

DATED this 14th day of January, 2011.

/s/ Mark W. Romney
Mark W. Romney
